IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EBONEY MAYFIELD | § | |
| | § | |
| Plaintiff | § | CIVIL ACTION NO.  6:13cv459 |
| | § | |
| v. | § | JUDGE _____ |
| | § | |
| SALLYPORT GLOBAL | § | JURY DEMANDED |
| and | § | |
| KS INTERNATIONAL, LLC | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Comes now Plaintiff Eboney Mayfield, who for her original complaint states as follows:

### I

### Preliminary Statement

1.     Plaintiff Eboney Mayfield commences this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), which in relevant part prohibits discrimination in employment based upon an employee's gender and race. Plaintiff Mayfield additionally brings her race discrimination claim pursuant to 42 U.S.C. § 1981.

2.     Plaintiff Mayfield additionally brings a state court action for breach of contract.

3.     In short, Plaintiff Mayfield contends that she was treated differently than white and/or male employees of Sallyport Global and/or KS International, LLC (hereafter Sallyport Global/KSI) in being terminated from her position with Sallyport Global/KSI.

4.     Additionally, Plaintiff Mayfield contends that her termination from Sallyport Global/KSI was a violation of her contract with Sallyport Global/KSI.

## II

## Jurisdiction

5.     This Court has jurisdiction over Plaintiff Mayfield's Title VII claim pursuant to 42 U.S.C. § 2000e-5(f)(3).

6.     This Court also has jurisdiction over Plaintiff Mayfield's Title VII and 42 U.S.C. § 1981 claim pursuant to 28 U.S.C. § 1331, which creates original jurisdiction for this Court over all civil actions arising under the Constitution, laws, or treaties of the United States.

7.     This Court has supplemental jurisdiction over Plaintiff Mayfield's state court breach of contract claim pursuant to 28 U.S.C. § 1367.

## III

## Parties

Plaintiff

8.     Plaintiff Eboney Mayfield is and was at all times relevant hereto a citizen of the United States and a resident of Smith County, Texas.

Defendants

9.     Defendants Sallyport Global/KSI are United States corporations who entered into an employment relationship with Plaintiff Mayfield in the Eastern District of Texas.  Such work was ultimately performed in Qatar. Defendants may be served at their corporate headquarters of 1600 Tysons Boulevard, Suite 1400, McLean, VA  22102.

**IV**

**Procedural History**

10.     Plaintiff Mayfield timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights.  Plaintiff Mayfield received her right-to-sue letter after its issuance on March 8, 2013 and has satisfied all other procedural prerequisites for filing suit.

**V**

**Facts**

11.     Plaintiff Eboney Mayfield is an African-American female.

12.     Plaintiff Mayfield was at all times relevant hereto an employee with Defendant Sallyport Global/KSI and is therefore entitled to the protections of Title VII and 42 U.S.C. § 1981.

13.     Defendant Sallyport Global/KSI employs more than 20 employees and is subject to the prohibitions against discrimination in Title VII and 42 U.S.C. § 1981.

14.     At all times relevant hereto, Plaintiff Mayfield was a competent, qualified and conscientious employee.

15.     Plaintiff Mayfield was hired by Sallyport as a general service technician/pool attendant.  Her contract provided that she was to work from September 30, 2011 until September 29, 2012.

16.     Plaintiff Mayfield was terminated on or about February 9, 2012, in violation of her contract.

17.     Defendant Sallyport Global/KSI contends that Plaintiff Mayfield was terminated for drinking on the job. In fact, Plaintiff Mayfield did not drink on the job.

3

18.     White and/or male employees of Sallyport Global/KSI, however, who <u>did</u> in fact drink on the job were not similarly terminated.

19.     The real reason for Plaintiff Mayfield's termination was her gender, female and/or her race, African-American.

20.     Defendants' conduct, complained of above, including actions and omissions, proximately caused Plaintiff Mayfield to suffer mental, emotional and psychological damages, as well as lost pay, including fringe benefits.

21.     All of Defendant's wrongful acts and omissions as set out above were wanton, malicious, and done in conscious disregard of and with deliberate indifference to the rights and needs of Plaintiff Mayfield.

## VI

## Causes  of Action

<u>Federal Causes of Action</u>

22.     Defendant Sallyport Global/KIS's acts and omissions as set out above constitute violations of Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981.

<u>State Cause of Action</u>

23.     Defendant Sallyport Global/KSI's acts and omissions as set out above additionally constitute a state court breach of contract claim.

## VII

## <u>Jury Demand</u>

24.     Plaintiff Mayfield demands a trial by jury on all issues so triable.

## VIII

### Prayer for Relief

25.    WHEREFORE PLAINTIFF PRAYS THAT THIS HONORABLE COURT:

a.      Enter declaratory judgment against Defendant Sallyport Global/KSI and in favor of Plaintiff Mayfield recognizing that Defendant has violated Plaintiff's rights guaranteed by Title VII and/or 42 U.S.C. § 1981;

b.      Enter an injunction ordering Defendant Sallyport Global/KSI to reinstate Plaintiff Mayfield with full pay, or alternatively, award appropriate front pay;

c.      Enter judgment against Defendants in favor of Plaintiff Mayfield for full compensatory damages, as well as appropriate back pay and front pay, if necessary;

d.      Enter judgment against Defendant Sallyport Global/KSI in an amount sufficient to deter it from discriminating against Plaintiff Mayfield and others for reasons of based upon gender or race;

e.      Grant Plaintiff Mayfield a trial by jury;

f.      Enter an award against Defendants in favor of Plaintiff Mayfield to pay Plaintiff Mayfield' reasonable attorney's fees and costs, pursuant to Title VII and 42 U.S.C. § 1988; and

g.      Grant Plaintiff Mayfield any and all additional relief to which she may be entitled.

Respectfully Submitted,

*/s/ Alex A. Castetter*
_____
Alex A. Castetter
Attorney for Plaintiff Mayfield
Bar Card No. 00783808

Stuckey, Garrigan & Castetter
Law Offices
2803 C North Street
P.O. Box 631902
Nacogdoches, Texas 75963-1902
(936) 560-6020 / Fax: 560-9578
Alex@sgclaw.org

5