**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **EBONEY MAYFIELD,** | § | |
| **Plaintiff** | § | |
| | § | |
| VS. | § | Civil Action No. 6:13cv-459 |
| | § | Judge: SCHNEIDER |
| **SALLYPORT GLOBAL AND** | § | |
| **KS INTERNATIONAL, LLC** | § | |
| **Defendants** | | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants, **SALLYPORT GLOBAL HOLDINGS, INC. (SALLYPORT)** and **KS INTERNATIONAL, LLC (KSI)** and files their Original Answer in response to Plaintiff's Complaint and in support thereof would respectfully show the Court as follows:

**I.
ANSWER TO COMPLAINT**

1. Defendants, **SALLYPORT & KSI**, would show that paragraph 1 of Plaintiff's Complaint is a procedural statement and do not require a response.

2. Defendants, **SALLYPORT & KSI**, would show that paragraph 2 of Plaintiff's Complaint is a procedural statement and do not require a response.

3. Defendants, **SALLYPORT & KSI**, admit that the Plaintiff was terminated by SALLYPORT but deny the remaining allegations in Paragraph 3 of Plaintiff's Complaint.

4. Defendants, **SALLYPORT & KSI**, deny the entirety of paragraph 4.

5. Defendants, **SALLYPORT & KSI**, would show that paragraph 5 of Plaintiff's Complaint is a jurisdictional statement and a legal conclusion to which no response is necessary.

6. Defendants, **SALLYPORT & KSI**, would show that paragraph 6 of Plaintiff's Complaint is a jurisdictional statement and a legal conclusion to which no response is necessary.

7. Defendants, **SALLYPORT & KSI**, would show that paragraph 7 of Plaintiff's Complaint is a jurisdictional statement and a legal conclusion to which no response is necessary.

8. Defendants, **SALLYPORT & KSI**, admit that Plaintiff is a citizen of the United States. Defendants do not have sufficient information to admit or deny Plaintiff's current residence.

9. Defendant, **KSI**, denies the allegations in paragraph 9, except the allegation that it its corporate headquarters is located in McLean Virginia. Defendant **KSI** was not Plaintiff's employer. Defendant, **SALLYPORT,** admits to being Plaintiff's employer, admits work was performed in Qatar and that its corporate headquarters are in McLean Virginia. Defendant, **SALLYPORT,** denies the remaining allegations.

10. Defendants, **SALLYPORT & KSI**, would show that paragraph 10 is a procedural statement which does not require admission or denial.

11. Defendants, **SALLYPORT & KSI**, admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant, **SALLYPORT**, admits that Plaintiff was employed solely by **SALLYPORT**, but would show that the remaining allegations contained in

Paragraph 12 of Plaintiff's Complaint call for a legal conclusion which does not require admission or denial. Defendant, **KSI,** denies the allegations in paragraph 12.

13. Defendants, **SALLYPORT & KSI**, admit that they each employ more than 20 employees, but would show the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint call for a legal conclusion which does not require admission or denial.

14. Defendants, **SALLYPORT & KSI**, can neither admit or deny Paragraph 14 of the Plaintiff's Complaint as Defendants do not know what times the Plaintiff considers to be "relevant hereto."

15. Defendants, **SALLYPORT & KSI**, admit that "she was hired by Sallyport as a general service technician/pool attendant," but as to the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint, would refer to the "contract" governing her employment with SALLYPORT as the document speaks for itself.

16. Defendants, **SALLYPORT & KSI**, admit the Plaintiff was terminated by SALLYPORT on or about February 9, 2012. Defendants deny the remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants, **SALLYPORT & KSI**, admit that Plaintiff was terminated for obtaining alcohol during her work shift in violation of SALLYPORT policy. Defendants deny that Plaintiff was not drinking during her shift.

18. Defendants, **SALLYPORT & KSI**, deny the entirety of the allegations in paragraph 18.

19. Defendants, **SALLYPORT & KSI**, deny the entirety of the allegations in paragraph 19 of the Plaintiff's Complaint.

20. Defendants, **SALLYPORT & KSI**, deny the entirety of the allegations in paragraph 20 of the Plaintiff's Complaint.

21. Defendants, **SALLYPORT & KSI**, deny the entirety of the allegations in paragraph 21 of the Plaintiff's Complaint.

22. Defendants, **SALLYPORT & KSI**, deny paragraph 22 of the Plaintiff's Complaint.

23. Defendants, **SALLYPORT & KSI**, deny paragraph 23 of Plaintiff's Complaint.

24. Defendants, **SALLYPORT & KSI**, would show that paragraph 24 of Plaintiff's Complaint is a procedural statement that does not require a response.

25. Defendants, **SALLYPORT & KSI**, deny the allegations of the Prayer for Relief of Plaintiff's Complaint and deny the Plaintiff is entitled to any of the relief she has sought.

## II.

## AFFIRMATIVE DEFENSES

26. Defendants, **SALLYPORT & KSI,** would show that the Plaintiff has not brought this suit in an appropriate venue as the Plaintiff was employed in Qatar and Defendants' books and records and Defendants' offices are located in McLean, Virginia, within the United States District Court for the Eastern District Virginia.  42 U.S.C. § 2000e-5 (f) (3).

27. Defendant, **KSI,** is not a proper party to this suit as **KSI** did not employ the Plaintiff.[1]

28. Defendants, **SALLYPORT & KSI**, would show that Plaintiff failed to assert a claim under which relief can be granted.

---

[1] KSI is asserting affirmative defenses in paragraphs 28-41 simply to preserve its right to assert those affirmative defenses.  KSI maintains it is not the Plaintiff's employer and is thereby not a proper party.

29. Defendants, **SALLYPORT & KSI**, would show that Plaintiff failed to mitigate her damages, if any.

30. Defendants, **SALLYPORT & KSI**, would show that Plaintiff is an employee at will and that the employment action, if any, regarding the Plaintiff was based on a legitimate, non-discriminatory reason.

31. Defendants, **SALLYPORT & KSI**, would show that gender was not a motivating factor in any employment decision.

32. Defendants, **SALLYPORT & KSI**, would show that race was not a motivating factor in any employment decision.

33. Defendants, **SALLYPORT & KSI**, would show that the same actor inference applies to Plaintiff's complaint of discrimination as Melissa Garner, Stacey Burton and Matt Malenic both hired and fired the Plaintiff.

34. Defendants, **SALLYPORT & KSI**, would show that the Plaintiff was not treated differently than any other employee of Defendants.

35. Defendants, **SALLYPORT & KSI**, would show that SALLYPORT acted in good faith in its making the employment decision regarding Plaintiff.

36. Defendants, **SALLYPORT & KSI**, would show that they attempted in good faith to comply with the applicable anti-discrimination statute allegedly violated.

37. Defendants, **SALLYPORT & KSI,** would show that to the extent the Plaintiff seeks redress for factual allegations or causes of action that occurred more than 300 days prior to the filing of her charge of discrimination such allegations and causes of action are barred by limitations.

38. Defendants, **SALLYPORT & KSI,** would show that Plaintiff has failed to satisfy the

statutory and/or administrative prerequisites to suit.

39. Defendants, **SALLYPORT & KSI,** would show that to the extent the Plaintiff succeeds on any of her claims, reinstatement is not feasible in this case

40. Defendants, **SALLYPORT & KSI,** would show that Plaintiff must prove any punitive damages, if applicable, by clear and convincing evidence.

41. Defendants, **SALLYPORT & KSI,** would show Plaintiff's claims are subject to the applicable damage caps.

WHEREFORE, PREMISES CONSIDERED, Defendants, **SALLYPORT & KSI**, prays that upon final trial and hearing hereof that Plaintiff, **EBONEY MAYFIELD**, take nothing by reason of her suit and that Defendants request any further relief to which they have shown they are justly entitled to.

                                      Respectfully submitted,

                                      _____/s/_____
                                      WARREN T. MCCOLLUM
                                      SBN:   24013127
                                      FENLEY & BATE, L.L.P.
                                      P.O. Box 450
                                      Lufkin, Texas 75902-0450
                                      TPN:   (936) 634-3346
                                      FXN:   (936) 639-5874
                                      ATTORNEYS FOR DEFENDANTS
                                      **SALLYPORT GLOBAL HOLDINGS, INC. & KS INTERNATIONAL, LLC**

## **CERTIFICATE OF SERVICE**

  I, the undersigned attorney of record in the above-numbered and styled cause, do hereby certify that on the 15th day of August, 2013, served a true and correct copy of the foregoing Defendants' Original Answer to:

| | | |
|---|---|---|
| Mr. Alex A Castetter | ☐ | By certified mail |
| Attorney at Law | ☐ | By regular mail |
| 2803 C North Streer | ☐ | By overnight mail |
| Nacogdoches, Texas 75963 | ☒ | By ECM |
| FAX: (936) 560-9578 | ☐ | By Facsimile |

                _____/s/_____
                WARREN T. MCCOLLUM